LINA FRANCO LAW P.C.
Lina M. Franco
Wilhlem J. Ceron
42 Broadway, 12th Floor
New York, New York 10004
Telephone: (800) 933-5620
www.LuchaPorTusDerechos.com
www.LinaFrancoLawPC.com
*Attorneys for Plaintiff and potential Class*

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**

RUPERTO RIVERA, *individually and on behalf of others similarly situated,*

        *Plaintiff,*

-against-

RIVERVIEW INC. (d/b/a RIVER JAPANESE CUISINE) and MEI KENN

        *Defendants.*

---------------------------------------------------------X

**COMPLAINT**

**Rule 23 Class Action & Collective Action under 29 U.S.C. § 216(b)**

**ECF Case**

RUPERTO RIVERA, ("Plaintiff"), individually and on behalf of others similarly situated, by and through his attorneys, Lina Franco Law, P.C., upon her knowledge and belief, and as against Riverview Inc., (d/b/a River Japanese Cuisine) ("Defendant Corporation" or "River Japanese Cuisine"), Mei Kenn (together with Defendant Corporation, "Defendants"), allege as follows:

## NATURE OF THE ACTION

1.     Plaintiff is a current employee of Defendants Riverview Inc. (d/b/a "River Japanese Cuisine") and Mei Kenn (aka "Kenny").

2. Defendants own, operate, and/or control two (2) Japanese Buffet Style restaurants located at located at 37-18 Main street in the Flushing area of Queens and 61-44 Springfield Boulevard, New York both named "River Japanese Cuisine".

3. At all times relevant to this complaint, Plaintiff works for Defendants in excess of 40 hours per week, without appropriate compensation for the hours over 40 per week that he works. Rather, Defendants failed to maintain accurate recordkeeping of the hours worked, failed to pay Plaintiff appropriately for any hours worked over 40, either at the straight rate of pay, or for any additional overtime premium. Further, Defendants failed to pay Plaintiff the required "spread of hours" pay for any day in which she had to work over 10 hours per day.

4. Defendants' conduct extended beyond the Plaintiff to all other similarly situated employee. At all times, relevant to this complaint, Defendants maintained a policy and practice of requiring Plaintiff and other employee to work more than forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

5. Plaintiff now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum wages and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Lab. Law §§ 190 *et seq*. and 650 *et seq*. (the "NYLL"), and the "spread of hours" and overtime wage orders of the New York Commission of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 137-1.7 (2006) (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees, and costs.

6. Plaintiff now brings this action as a class action under Rule 23 and seek certification of this action as a collective action on behalf of himself, individually, and of all

other similarly situated employee and former employee of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1337 (interstate commerce) and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over Plaintiff' state law claims is conferred by 28 U.S.C. § 1367(a).

8. Venue is proper in this District under 28 U.S.C. § 391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district, Defendants operate their businesses in this district, and Plaintiff were employed by Defendants in this district.

## THE PARTIES

*Plaintiff*

9. Ruperto Rivera ("Plaintiff Rivera") is an adult individual residing in Queens County, New York. He has been employed by Defendants from approximately February 2013 and continues to work there.

*Defendants*

10. At all times, relevant to this complaint, Defendants owned, operated, and/or controlled two (2) Japanese Buffet Style restaurants located at located at 37-18 Main street in the Flushing area of Queens and 61-44 Springfield Boulevard, New York both named "River Japanese Cuisine".

11. Upon information and belief, "Riverview Inc.," is a domestic corporation organized and existing under the laws of the state of New York. Upon information and belief, it maintains its principal place of business at 61-44 Springfield Boulevard, New York .

12. Defendant Mei Kenn is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Mei Kenn is sued individually in his capacity as, on information and belief, an owner, officer and/or agent of Defendant Corporation.

13. Upon information and belief, Defendant Mei Kenn possesses or possessed operational control over Defendant Corporation, possesses or possessed an ownership interest in Defendant Corporation, and controls or controlled significant functions of Defendant Corporation.

14. Defendant Mei Kenn determined the wages and compensation of the employee of Defendants, including Plaintiff, and established the schedules of the employee, maintained employee records, and had the authority to hire and fire employee.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

15. Defendants operate two (2) Japanese Restaurants under the name "River Japanese Cuisine," both located in Queens.

16. Upon information and belief, Individual Defendants Mei Kenn possesses operational control over the Defendant Corporation, possess an ownership interest in Defendant Corporation, and control significant functions of Defendant Corporation.

17. Defendants are associated and joint employers, act in the interest of each other with respect to employee, pay employee by the same method, and share control over the employee.

18. Each Defendant possessed substantial control over Plaintiff's (and other similarly situated employee') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff, and all similarly situated individuals, referred to herein.

19. Defendants jointly employed Plaintiff, and all similarly situated individuals, and are her (and all similarly situated individuals') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

20. In the alternative, Defendants constitute a single employer of Plaintiff and/or similarly situated individuals.

21. Upon information and belief, Individual Defendant Mei Kenn operates Defendant Corporation as either an alter ego of himself, and/or fails to operate Defendant Corporation as entities legally separate and apart from himself, by, among other things:

   a. failing to adhere to the corporate formalities necessary to operate the Defendant Corporation as separate and legally distinct entity;

   b. defectively forming or maintaining the Defendant Corporation, by among other things failing to hold annual meetings or maintaining appropriate corporate records;

   c. transferring assets and debts freely as between all Defendants;

   d. operating the Defendant Corporation for his own benefit as the sole or majority shareholder;

   e. operating the Defendant Corporation for his own benefit and maintaining control over it as a closed corporation or closely held controlled entity;

   f. intermingling assets and debts of his own with the Defendant Corporation;

  g. diminishing and/or transferring assets to protect his own interests; and

  h. other actions evincing a failure to adhere to the corporate form.

22. At all relevant times, Defendants were Plaintiff' employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff, control the terms and conditions of employment, and determine the rate and method of compensation in exchange for her services.

23. In each year from 2011 to present, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

24. In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. For example, numerous items that were used and sold daily at River Japanese Cuisine, such as meats and beverages, were produced outside the state of New York.

*Plaintiff*

25. Plaintiff is a current employee of Defendants, who is ostensibly employed as a cook at both Japanese restaurants.

26. Plaintiff seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Ruperto Rivera*

27. Plaintiff Rivera has been employed by Defendants from February 2013 until the present time.

28. During this time, Plaintiff Rivera ostensibly has been employed Defendants as a cook.

29. Plaintiff Ruperto Rivera regularly handles goods in interstate commerce, such as food and other supplies produced outside the state of New York.

30. Plaintiff Ruperto Rivera's work duties require neither discretion nor independent judgment.

31. Plaintiff Ruperto Rivera regularly works more than 40 hours per week.

32. From approximately February 2013 until the present time, Plaintiff Ruperto Rivera works twelve (12) hours per day, six days a week (typically 72 hours per week) with a fifteen minute break daily.

33. From approximately February 2013 until March 2014 Plaintiff Ruperto Rivera was paid a flat rate of 450 every weeks.

34. From approximately March 2014 until December 2016 Plaintiff Ruperto Rivera was paid a flat rate of $1000 every (2) two weeks.

35. From approximately March 2016 until the present time, Plaintiff Rivera is paid $1150 every (2) two weeks.

36. Plaintiff Ruperto Rivera's pay did not vary even when he was required to stay later or work a longer day than her usual schedule, which happens very frequently.

37. Defendants did not provide Ms. Ruperto Rivera with any document or other statement accounting for his actual hours worked, or setting forth the rate of pay for all her hours worked.

38. Defendants require that Plaintiff Rivera sign a "piece of paper" to receive his pay. He is not allowed to keep this piece of paper, nor has he ever been given a copy of it. Upon information and believe, the piece of paper that Plaintiff Rivera signs states incorrect hours and

7

amounts of pay. Mr. Rivera once told Defendants that he did not wish to sign this piece of paper to which they responded "Then you will not get paid this week".

39. Defendants required some employees to punch in and out, however, Plaintiff Ruperto Rivera was specifically told not to punch in or out. Additionally, he was told that if the Department of Labor ever visited the locale, he was to tell them she only worked 8 hours per day, 5 days per week.

*Defendants' General Employment Practices*

40. At all times, relevant to this complaint, Defendants maintained a policy and practice of requiring Plaintiff and all similarly situated employee to work in excess of 40 hours per week without paying them appropriate minimum wage, overtime, and spread of hours' compensation, as required by federal and state laws.

41. Defendants' pay practices resulted in Plaintiff not receiving payment for all his hours worked, resulting in Plaintiff' effective rate of pay falling below the required minimum and overtime wage rate.

42. Plaintiff have been victim of Defendants' common policy and practices violating her rights under the FLSA and New York Labor Law by not paying them the wages they were owed for the hours they had worked.

43. As part of their regular business practice, Defendants intentionally, willfully, and repeatedly harmed Plaintiff by engaging in a pattern, practice, and/or policy of violating the FLSA and the NYLL.

44. Defendants failed to provide Plaintiff with statutorily required wage and hour records or statements of her pay received, in part so as to hide Defendants' violations of the wage

and hour laws, and to take advantage of Plaintiff' s' relative lack of sophistication in wage and hour laws.

45. Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the Fair Labor Standards Act and New York Labor Law by failing to maintain accurate and complete timesheets and payroll records.

46. Upon information and belief, this was done to disguise the actual number of hours Plaintiff worked, and to avoid paying Plaintiff properly for (i) her full hours worked, (ii) for overtime due, and (iii) for spread of hours pay.

47. Defendants did not provide Plaintiff with any document or other statement accurately accounting for her actual hours worked, and setting forth rate of minimum wage and overtime wage.

48. Plaintiff was paid his wages entirely in cash.

## FLSA COLLECTIVE ACTION CLAIMS

49. Plaintiff bring her FLSA minimum wage, overtime, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA and Rule 23 class Period").

50. At all relevant times, Plaintiff, and other members of the FLSA and Rule 23 class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum

wage, overtime, and spread of hours pay, and willfully failing to keep records required by the FLSA.

51. The claims of Plaintiff stated herein are similar to those of the other similarly situated employee.

## FEDERAL RULE 23 CLASS ACTION ALLEGATIONS

52. Plaintiff sue on her own behalf and on behalf of a class of persons similarly situated under Rule 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure.

53. Plaintiff bring her New York Labor Law minimum wage, overtime, spread-of-hours, wage deduction, and liquidated damages claims on behalf of all persons who are or were employed by Defendants in the State of New York, on or after the date that is six years before the filing of the complaint in this case, to entry of judgment in this case (the "Class Period"). All said persons, including Plaintiff, are referred to herein as the "Class."

54. The persons in the Class are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and facts on which the calculation of that number are presently within the sole control of Defendants, there are approximately over sixty members of the Class during the Class Period.

55. There are questions of law and fact common to the Class including:

    a. what proof of hours worked is sufficient where Defendants fail in their duty to maintain time records;

    b. what were the policies, practices, programs, procedures, protocols and plans of Defendants regarding payment of wages for all hours worked;

    c. what were the policies, practices, programs, procedures, protocols and plans of Defendants regarding payment of at least minimum wages for all hours worked;

    d. whether Defendants failed and/or refused to pay Plaintiff the minimum wage and overtime at the premium rate within the meaning of the New York Labor Law;

  e. whether Defendants failed and/or refused to pay Plaintiff "Spread of Hours" Pay;

  f. whether Defendants improperly deducted "shorts" from the Plaintiff' wages;

  g. at what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay the class members for their work; and

  h. what are the common conditions of employment and in the workplace, such as recordkeeping, clock- in procedures, breaks, and policies and practices that affect whether the class was paid at overtime rates for minimum wage and overtime work.

56. The claims of the representative parties are typical of the claims of the class. Plaintiff and the other class members were subjected to Defendants' policies, practices, programs, procedures, protocols and plans alleged herein concerning non-payment of overtime, non-payment of wages, and failure to keep required records. The job duties of the named Plaintiff were and are typical of those of class members.

57. The representative parties will fairly and adequately protect the interests of the Class and have no interests antagonistic to the class. The Named Plaintiff are represented by attorneys who are experienced and competent in both class action litigation and employment litigation.

58. The common questions of law and fact predominate over questions affecting only individual members.

59. A class action is superior to other available methods for fairly and efficiently adjudicating controversy, particularly in the context of wage and hour litigation, where individual Plaintiff lack the financial resources to prosecute a lawsuit in federal court against corporate defendants vigorously. The damages suffered by individual class members are small,

compared to the expense and burden of individual prosecution of this litigation. Class action treatment will obviate unduly duplicative litigation and the possibility of inconsistent judgments.

60. Defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

**FIRST CAUSE OF ACTION**
**(Violation of the Minimum Wage Provisions of the FLSA)**

61. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

62. At all times relevant to this action, Defendants were Plaintiff's employers (and employers of the putative FLSA and Rule 23 class members) within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).

63. Defendants had the power to hire and fire Plaintiff (and the FLSA and Rule 23 class members), control his terms and conditions of employment, and determine the rate and method of any compensation.

64. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

65. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

66. Defendants failed to pay Plaintiff (and the FLSA and Rule 23 class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

67. Defendants' failure to pay Plaintiff (and the FLSA and Rule 23 class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

68. Plaintiff (and the FLSA and Rule 23 class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
**(Violation of the Overtime Provisions of the FLSA)**

69. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

70. Defendants, in violation of the FLSA, failed to pay Plaintiff (and the FLSA and Rule 23 class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207 (a)(1).

71. Defendants' failure to pay Plaintiff (and the FLSA and Rule 23 class members) overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

72. Plaintiff (and the FLSA and Rule 23 class members) were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION
**(Violation of the New York Minimum Wage Act)**

73. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

74. At all times relevant to this action, Defendants were Plaintiff' employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.

75. Defendants had the power to hire and fire Plaintiff (and the FLSA and Rule 23 class members), control her terms and conditions of employment, and determine the rates and methods of any compensation in exchange for her employment.

76. Defendants, in violation of the NYLL, paid Plaintiff (and the FLSA and Rule 23 class members) less than the minimum wage in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor.

77. Defendants' failure to pay Plaintiff (and the FLSA and Rule 23 class members) minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

78. Plaintiff (and the FLSA and Rule 23 class members) were damaged in an amount to be determined at trial.

### FOURTH CAUSE OF ACTION
### (Violation of the Overtime Provisions of the New York Labor Law)

79. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

80. Defendants, in violation of the NYLL § 190 *et seq.* and associated rules and regulations, failed to pay Plaintiff (and the FLSA and Rule 23 class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

81. Defendants failed to pay Plaintiff (and the FLSA and Rule 23 class members) in a timely fashion, as required by Article 6 of the New York Labor Law.

82. Defendants' failure to pay Plaintiff (and the FLSA and Rule 23 class members) overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

83. Plaintiff (and the FLSA and Rule 23 class members) has been damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION
**(Violation of the Spread of Hours Wage Order of the New York Commissioner of Labor)**

84. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

85. Defendants failed to pay Plaintiff (and the FLSA and Rule 23 class members) one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff' spread of hours exceeded ten hours in violation of New York Lab. Law §§ 190 *et seq*. and 650 *et seq*. and the wage order of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 137-1.7 and 137-3.11.

86. Defendants' failure to pay Plaintiff (and the FLSA and Rule 23 class members) an additional hour's pay for each day Plaintiff' (and the FLSA and Rule 23 class members) spread of hours exceeded ten hours was willful within the meaning of New York Lab. Law § 663.

87. Plaintiff (and the FLSA and Rule 23 class members) were damaged in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION
**(Violation of the Unauthorized Deduction Provisions of the New York Labor Law)**

88. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

89. At all relevant times, Defendants were Plaintiffs' employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.

90. Defendants made unauthorized deductions from Plaintiffs' pay in violation of NYLL § 193.

91. Defendants' conduct in making unauthorized deductions from Plaintiffs' pay was done knowingly and intentionally.

92. Plaintiffs have been damaged in an amount to be determined at trial.

# SEVENTH CAUSE OF ACTION
## (VIOLATION OF RECORDKEEPING/WAGE STATEMENT PROVISIONS OF NYLL)

93. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

94. At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiffs, control terms and conditions of employment, and determine the rates and methods of any compensation in exchange for employment.

95. Defendants failed to pay Plaintiffs (and the Class) one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiffs' spread of hours exceeded ten hours in violation of New York Lab. Law §§ 190 *et seq*. and 650 *et seq*. and the wage order of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 137-1.7 and 137-3.11.

96. Defendants' failure to pay Plaintiffs (and the Class) an additional hour's pay for each day Plaintiffs' (and the Class) spread of hours exceeded ten hours was willful within the meaning of New York Lab. Law § 663.

97. Defendants failed to provide Plaintiffs with a written notice, in English and in Spanish (Plaintiffs' primary language), of their rate of pay, regular pay day, and such other information as require by NYLL §195(1).

98. Defendants are liable to each Plaintiff in the amount of $2,500, together with costs and attorney's fees.

99. Plaintiffs repeat and reallege all paragraphs above as though set forth fully herein.

100. Defendants did not provide Plaintiffs with wage statements upon each payment of wages, as require by NYLL 195(3).

101. Defendants are liable to each Plaintiff in the amount of $2,500, together with costs and attorney's fees.

102. Defendants acted willfully in their violation of the above-described NYLL requirements.

**EIGHTH CAUSE OF ACTION**
**(BREACH OF CONTRACT)**

103. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

104. Although Plaintiffs were employees and not contractors, assuming, *arguendo*, Plaintiffs would still be entitled to damages based upon the above-described facts under the latter scenario as Plaintiffs performed their moving services, Defendants failed to perform their contractual obligations, *i.e.*, full payment for the moving services, and Plaintiffs suffered damages as a result, *i.e.*, failure to receive the full consideration for which they had contracted.

105. These allegations are as true for Class members as they are for Plaintiffs.

106. Plaintiffs (and the Class Members) were damaged in an amount to be determined at trial.

**NINTH CAUSE OF ACTION**
**(QUANTUM MERUIT)**

107. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

108. Plaintiffs performed the moving services described in the above-described pleading in good faith with the expectation of Plaintiffs' agreed-upon wage, which is a reasonable value of those services.

109. Defendants accepted Plaintiffs' moving services as they were rendered to Defendants' clients on Defendants' behalf.

110. Plaintiffs never obtained the agreed-upon wage insofar as deductions to which Plaintiffs did not agree were taken from the earned wages.

111. These allegations are as true for Class members as they are for Plaintiffs.

112. Plaintiffs (and the Class Members) were damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendants:

(a) Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the pendency of this action, and permitting them promptly to file consents to be Plaintiff in the FLSA claims in this action;

(b) Declaring that Defendants have violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff and the FLSA and Rule 23 class members;

(c) Declaring that Defendants have violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff and the FLSA and Rule 23 class members;

(d) Declaring that Defendants have violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff' and the FLSA and Rule 23 class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e)     Declaring that Defendants' violation of the provisions of the FLSA was willful as to Plaintiff and the FLSA and Rule 23 class members;

(f)     Awarding Plaintiff and the FLSA and Rule 23 class members damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)     Awarding Plaintiff and the FLSA and Rule 23 class members liquidated damages in an amount equal to 100% of her damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)     Declaring that Defendants have violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff and the members of the FLSA Class;

(i)     Declaring that Defendants have violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff and the members of the FLSA Class;

(j)     Declaring that Defendants have violated the Spread of Hours Wage Order of the New York Commission of Labor as to Plaintiff and the members of the FLSA Class;

(k)     Declaring that Defendants have violated the recordkeeping requirements of the NYLL with respect to Plaintiff' and the FLSA and Rule 23 class members' compensation, hours, wages; and any deductions or credits taken against wages;

(l)     Declaring that Defendants' violations of the New York Labor Law and Spread of Hours Wage Order were willful as to Plaintiff and the FLSA and Rule 23 class members;

(m)     Awarding Plaintiff and the FLSA and Rule 23 class members damages for the

amount of unpaid minimum and overtime wages, damages for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable;

(n) Awarding Plaintiff and the FLSA and Rule 23 class members liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, spread of hours pay, and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable;

(o) Awarding Plaintiff and the FLSA and Rule 23 class members pre-judgment and post-judgment interest as applicable;

(p) Awarding Plaintiff and the FLSA and Rule 23 class members the expenses incurred in this action, including costs and attorney's fees; and

(q) All such other and further relief as the Court deems just and proper.


Dated: New York, New York
March 17, 2017

                                                LINA FRANCO LAW, P.C.

                                                By:   /s/Lina M. Franco

                                                      Lina M. Franco, Esq.
                                                      Wilhelm Ceron, Esq.
                                                      42 Broadway, 12th Floor
                                                      New York, New York 10004
                                                      Telephone: 1800-933-5620
                                                      *Attorneys for Plaintiff*